[No. 42744-3-II.   Division Two.   March 27, 2012.]

*In the Matter of the Dependency of* M.H.

*Peter B. Tiller* (of *The Tiller Law Firm*), for appellant.

*Robert M. McKenna, Attorney General,* and *Lisa M. Lydon, Assistant,* for respondent.

¶1 WORSWICK, A.C.J. — M.H., a dependent child, appeals from two orders on contempt issued by the juvenile court. The Department of Social and Health Services (Department) concedes that the juvenile court erred in entering those orders. A commissioner of our court considered M.H.'s appeal under RAP 18.13A and referred it to a panel of judges. We accept the Department's concessions, reverse the orders on contempt and remand to the juvenile court for further proceedings.

¶2 On April 20, 2011, the juvenile court found M.H., born March 6, 1997, to be a dependent child and ordered her to refrain from the use of alcohol or illegal substances. On September 14, 2011, the Department moved for an order of contempt, alleging that M.H. was using illegal substances. On September 14, 2011, the juvenile court entered the following order on contempt.

UPON MOTION, it is

ORDERED that [M.] is in contempt for: 1) running from detention on 8-30-11 and 2) using illegal substances while on the run. The 7 days suspended from the July order are imposed. 7 days on each of [sic] contempt. Total of 21 days.

Clerk's Papers (CP) at 1.

¶3 On October 19, 2011, the Department moved for another order of contempt, alleging that M.H. was using illegal substances and had fled while on furlough from detention. On October 19, 2011, the juvenile court entered the following order on contempt.

UPON MOTION, it is

ORDERED that [M.] is in contempt for: 1) using illegal substances and 2) running from social worker on 9/29/11. Disposition: 7 days on last contempt and 14 days on these contempts. She shall have a chemical dependency evaluation and purge conditions will be evaluated at that time.

CP at 2.

¶4 M.H. argues that the juvenile court erred in entering both orders on contempt. First, she argues that the

court imposed improper civil punitive contempt[1] because the orders on contempt did not give her "the immediate opportunity to purge" the contempt and did not comply with criminal due process. *In re Interest of J.L.*, 140 Wn. App. 438, 445, 166 P.3d 776 (2007) (emphasis omitted); *In re Interest of M.B.*, 101 Wn. App. 425, 438-40, 3 P.3d 780 (2000); Br. of Appellant at 5. Second, she argues the court erred in imposing 14 days of confinement under each order because RCW 13.34.165 limits a remedial sanction for contempt of a dependency order to 7 days of confinement. *In re Interest of N.M.*, 102 Wn. App. 537, 545, 7 P.3d 878 (2000).

¶5 The Department concedes that without a purge condition, the orders on contempt erroneously imposed punitive contempt without due process. It also concedes that RCW 13.34.165 limits the sanction imposed in an order of contempt to a total of seven days of confinement and does not permit "stacking" of seven days of confinement for each act of contempt.

¶6 We accept the Department's concessions, reverse the orders on contempt, and remand to the juvenile court for further proceedings.

ARMSTRONG and VAN DEREN, JJ., concur.

---

[1] The juvenile court does not appear to have used its inherent contempt authority, which would have required it to make findings as to how its statutory contempt authority was inadequate. *In re Dependency of A.K.*, 162 Wn.2d 632, 647, 174 P.3d 11 (2007). Nor did it provide M.H. with the due process protections required for the imposition of punitive criminal contempt. RCW 7.21.040.